NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
JUDITH A. HEINZ (Cal. Bar No. 176264)
Assistant United States Attorney
Senior Litigation Counsel, National Security Division
JAMES C. HUGHES (Cal. Bar No. 263878)
Assistant United States Attorney
Tax Division
MELANIE SARTORIS (Cal. Bar No. 217560)
WILLIAM M. ROLLINS (Cal. Bar No. 287007)
Assistant United States Attorneys
Terrorism and Export Crimes Section
KHALDOUN SHOBAKI (Cal. Bar No. 232864)
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:    (213) 894-7280/4961/5615/7407/0759
     Facsimile:    (213) 894-2927
     E-mail:   judith.heinz@usdoj.gov
               james.hughes2@usdoj.gov
               melanie.sartoris@usdoj.gov
               william.rollins@usdoj.gov
               khaldoun.shobaki@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 18-50(B)-JAK |
| Plaintiff, | STATUS REPORT REGARDING DEFENSE OBJECTIONS TO TRIAL EXHIBITS |
| v. | Trial Date: May 7, 2019 |
| YI-CHI SHIH,<br>  aka "Yichi Shih,"<br>  aka "Yuqi Shi,"<br>ISHIANG SHIH,<br>  aka "I-Shiang Shih,"<br>KIET ANH MAI,<br>  et al.,<br><br>       Defendants. | |

**GOVERNMENT'S POSITION REGARDING OBJECTIONS TO TRIAL EXHIBITS**

## I. Introduction

Pursuant to the Court's April 4, 2019 Order (Dkt. 374), the government hereby submits its position regarding the method for receiving and addressing objections to proffered exhibits at trial. The parties have been unable to reach an agreement to date.

## II. Status of Preliminary Exhibit Lists Provided to Defendant

The government agrees with the Court that certain evidentiary rulings on categories of documents would likely help streamline the trial in this case. But defendant continues to claim that he cannot identify any such objections, even with respect to certain categories of exhibits, and he now asks that the government provide him with copies of all of its trial exhibits and allow him two more weeks to formulate objections. (Ex. A.) Defendant's proposal should be rejected. It would impose an unlawful burden on the government.

In a preliminary exhibit list provided by the government to defendant on January 17, 2019 (nearly three months ago), the government categorized the trial exhibits by source, described the exhibits, and, the next day, provided specific bates numbers (when possible) for the exhibits,[1] including:

- Documents from "US Company B"
- Emails from defendant's "Hotmail Account"

---

[1] In addition to the written descriptions of the documents, the government has continued to update the preliminary exhibit list with specific bates numbers from the discovery. (Exs. B, C, D.) The initial purpose of providing the preliminary exhibit list and a list of foundational witnesses to the defense – and the reason the government proposed evidentiary stipulations to the defense several months ago – was to determine whether the parties could resolve any of defendant's objections. Defendant refused to respond to the government's proposed stipulations.

- Emails from defendant's "Gmail Account"
- Emails from defendant's "Yahoo Account"
- Emails from co-defendant/coconspirator Ishiang Shih's "Gmail Account"
- Emails from co-defendant/coconspirator Ishiang Shih's "Hotmail Account"
- Emails from Push 301 Gmail Account
- "Non-Digital Materials" seized from defendant's residence
- "Non-digital Materials" seized from co-defendant/coconspirator Kiet Mai's residence
- Materials from MicroEx Engineering (co-defendant/coconspirator Mai's company through which defendant and Mai executed the scheme to obtain by fraud the U.S. Company B MMICs)
- Documents from Financial Institutions
- HSBC Documents (which this Court ruled in Dkt. 374 are admissible under the residual hearsay exception)
- Certified TECS records
- Shipping records
- "Tax-Related Records"
- Materials seized from digital devices seized from defendant's residence

The government has provided updated preliminary exhibit lists to the defendant twice since January 17, 2019. (Exs. B, C.) In the most recent version of the government's preliminary exhibit list, the government identified approximately 900 potential trial exhibits (virtually all of which are identified by specific Bates numbers) – from a universe of more than **2 million** pages of discovery. (Ex. C.)

3

Through these lists, the Second Superseding Indictment, the discovery, the parties' exchange of jury instructions, the parties' communications about possible stipulations, and the government's motions in limine, defendant is plainly aware that the following broad categories of evidence will be introduced against him at trial, including:

- Defendant's and his co-conspirators' email communications about export regulations; acquiring export-controlled items, including U.S. Company B's MMICs; and exporting those export-controlled items from the United States to China and building a MMIC foundry in China, all of which are admissible as defendant's admissions or coconspirator statements in furtherance of the conspiracy (Exs. B, C; Dkt. 307).
- Shipping records in furtherance of the conspiracy, including records showing that export-controlled items were shipped from U.S. Company B to California and then to China (Exs. B, C; Dkt. 307).
- Certified TECS and Visa records showing dates and locations of defendant and his co-conspirators' travel, their relationships, and their occupations (Exs. B, C; Dkt. 307).
- Bank account and U.S. Treasury Department records showing payments defendant and his co-conspirators' made and received in furtherance of the scheme to obtain by fraud and export military-grade MMICs to China (Exs. B, C; Dkt. 307).
- Materials on defendant's digital devices, including parts of the Export Administration Regulations and documents

4

discussing them, emails and PowerPoint presentations showing the coconspirators' plans to obtain export-controlled items from the United States for military-use in China; photographs taken in China of the U.S. Company B MMICs obtained by fraud and exported unlawfully from the United States to China (Exs. B, C; Dkt. 307).

### III. Defendant Has Sufficient Information to Raise Categorical Objections to the Government's Exhibits.

Based on the government's production of preliminary exhibit lists to defendant, he has ample information to raise categorical objections to the government's exhibits. For example:

- Does defendant object to the admission of his own email communications with coconspirators? If so, on what basis?

- Does defendant object to the admission of emails exchanged between U.S. Company B and co-defendant/coconspirator Mai in furtherance of the scheme to obtain unauthorized access to the U.S. Company B computer for defendant? If so, on what basis?

- Does defendant object to the admission of bank records showing the transmission of funds to further the conspirators' goals? If so, on what basis?

- Does defendant object to the admission of parts of the Export Administration Regulations seized from his residence and his digital devices? If so, on what basis?

These are just a few of the categories of evidence that are relevant and admissible under within well-established evidentiary rules. Defendant plainly has sufficient information now to raise his objections. It is black letter law that if **defendant** has specific

5

objections to the admissibility of the evidence in the discovery or documents described in the preliminary exhibit lists, then **defendant** must "specifically state[]" those objections. United States v. Wilson, 690 F.2d 1267, 1273-74 (9th Cir. 1982); United States v. Dixon, 446 F.2d 224, 224 (9th Cir. 1971) (objection to admissibility of exhibit "was not specific enough").[2]

### IV. The Court Should Continue the Trial Date

The steps taken by the government above drastically exceed normal discovery obligations in a criminal case.[3]  Indeed, it is "well-settled" that "Rule 16(a)(1)(e) 'does not require the Government to identify specifically which documents it intends to use as evidence'" at trial.  United States v. Vilar, 530 F. Supp. 2d 616, 636 (S.D.N.Y. 2008); United States v. Nachamie, 91 F. Supp. 2d 565, 568-70 (S.D.N.Y. 2000) (courts may not "rewrite" the Federal Rules of Criminal Procedure to require the government to identify documents intended for its case-in-chief when there are a large number of documents material to the defense).[4]  While defendant has thus far

---

[2] In emails to the government, defendant has claimed that he cannot formulate his objections because there were "errors" in 69 documents in the preliminary exhibit list out of approximately 900 preliminary exhibits identified to date. (Ex. A.)  Many of these claimed "errors" appear to be obvious insignificant clerical ones and are no barrier to defendant's comprehension of the preliminary exhibit list provided to him.  (Cf. Ex. A with Exs. B, C.)  Nevertheless, the government is continuing to review the purported errors identified by defendant.

[3] "In a criminal case, unlike a civil case, neither side enjoys a general right to discover the other[']s evidence." United States v. Griggs, 2009 WL 3838022, at *2 (D. Colo. 2009).

[4] See also, e.g., United States v. Carranza, 2007 WL 2422033, at *3 (N.D. Ga. 2007) (rejecting defendant's argument that "the government should be required to provide greater information to assist the defense" because the "discovery in [the] case exceeds several thousand pages of documents"); United States v. Addonizio,

failed to raise many specific objections to exhibits in advance of trial, he may still do so during the government's presentation of its case-in-chief: Federal Rule of Evidence 103 requires counsel to simply make "a timely objection" at trial with "a proper specific legal basis" for the objection. Mauet & Wilson, Trial Evidence § 2.4 (2016). The Court then rules on the objection. Id.

Nevertheless, at this late stage, and as will be explained in greater detail in the government's forthcoming ex parte application for a continuance, because defendant has represented that he needs more time to formulate his potential trial objections to the categories of evidence against him, the Court should continue the trial date in this case.[5]

---

451 F.2d 49, 65 (3d Cir. 1971) (explaining that the government is not required to "weave the information at its command into the warp of a fully integrated trial theory for the benefit of the defendant[ ]"); United States v. Scrushy, Case No. CR-03-BE-530-S, 2004 WL 483264, *3 (N.D. Ala. March 3, 2004) (holding the government is required to exchange information but is not required to "give the defendant a roadmap of its strategy"); United States v. Martin, 2018 WL 3617316, at *1-2 (M.D. Fla. 2018).

[5] As of 6 p.m. April 8, 2019, defendant indicated via email that he could not provide his complete position for the joint status report by 6 p.m. because the government did not send defendant its position until 5 p.m. (Ex. A.) Defendant also objected to a trial continuance, claimed that he could not identify specific objections based on "errors" in the government's preliminary exhibit lists, and proposed that the government should "send [defendant] the exhibits that the government will seek to introduce at trial and give [defendant] two weeks to identify objections." In light of the parties' fundamental disagreements about how to proceed and the government's need to separately file exhibits under seal, the government suggested that defendant detail his position more fully in a separate filing; the government makes that request in the ex parte application filed concurrently herewith. (Id.)